**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC L. PATTERSON, | ) | Case No. 1:21-cv-470 |
| | ) | Case No. 1:23-cv-378 |
| Plaintiff, | ) | |
| | ) | Judge J. Philip Calabrese |
| v. | ) | |
| | ) | Magistrate Judge |
| UNITEDHEALTHCARE | ) | Jonathan D. Greenberg |
| INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff moves to amend or alter the judgment of the Court in two cases that received a joint decision on January 9, 2025. (*Patterson I*, Case No. 1:21-cv-470, ECF No. 55; *Patterson II*, Case No. 1:23-cv-378, ECF No. 29.) Plaintiff raises an argument previously briefed and does not demonstrate a clear error of law. Accordingly, for the reasons more fully explained below, the Court **DENIES** the motion.

## BACKGROUND

On March 1, 2022, Plaintiff appealed the Court's order granting Defendants' motion to dismiss in Case No. 1:21-cv-470 ("*Patterson I*"). (*Patterson I*, ECF No. 41.) *Patterson I* raised claims under the Employee Retirement Income Security Act of 1974 and under State law based on the same facts. (*Id.*, ECF No. 1.) While his appeal was pending, Plaintiff refiled his State-law claims in State court. (*Patterson II*, ECF No. 1-1.) On February 24, 2023, Defendants removed that case from State court to federal court, initiating Case No. 1:23-cv-378 ("*Patterson II*"). (*Patterson II*, ECF

No. 1.)  Defendants base their claim of federal question jurisdiction on one contention: that ERISA completely preempts Plaintiff's State-law claims.  (*Id.*)

Defendants moved to dismiss Plaintiff's complaint in *Patterson II*, again maintaining that ERISA completely preempts Plaintiff's State-law claims and arguing that Plaintiff cannot state a claim for relief under the statute.  (*Id.*, ECF No. 5.)  On March 15, 2023, the Court ordered Plaintiff to respond to Defendant's position regarding federal jurisdiction over *Patterson II* and stayed the deadline for Plaintiff to respond to Defendants' motion to dismiss.  (*Id.*, ECF No. 8.)  On March 24, 2023, Plaintiff filed a motion to remand *Patterson II* to State court.  (*Id.*, ECF No. 9.)  Plaintiff's brief in support of his motion to remand argues one issue:  that his State-law claims are not subject to complete ERISA preemption.  (*Id.*)

"Because it [was] jurisdictional, the Court first consider[ed] Plaintiff's motion to remand the removed case."  (*Id.*, ECF No. 27, PageID #341.)  After considering the parties' briefing regarding complete preemption under ERISA, the Court determined that ERISA completely preempts Plaintiff's State-law claims.  (*Id.*, ECF No. 27.)  Where ERISA completely preempts a State-law claim, the Court may either direct the plaintiff to re-plead federal claims or recast the State-law claim as one brought under ERISA that the plaintiff has already had an opportunity to amend.  *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016).  Because the ERISA claims that would have been the result of re-casting Plaintiff's State-law claims were already before the Court in *Patterson I*, the Court concluded that *Patterson II* was now duplicative of *Patterson I* and dismissed it in the interest of judicial efficiency.

2

On February 6, 2025, Plaintiff timely moved under Rule 59(e) to alter or amend the Court's judgment. (*Patterson I*, ECF No. 55; *Patterson II*, ECF No. 29.) Plaintiff claims that he did not have an opportunity to brief the issue of "'super pre-emption' of the state law misrepresentation claim." (*Patterson II*, ECF No. 29, PageID #352; *see also id.*, PageID #353.) He points out that he was unable to complete his briefing in opposition to Defendants' motion to dismiss because the Court stayed the deadline for Plaintiff to respond to that motion pending a determination of its jurisdiction. (*Id.*, PageID #352–53 (citing *id.*, ECF No. 8).) But the singular basis for dismissal was complete preemption under ERISA, an issue already briefed in Plaintiff's motion to remand—indeed, the only issue briefed in Plaintiff's motion for remand. Therefore, any further briefing on that subject would have duplicated the briefing already submitted, and further submissions would not have aided in resolution of the preemption issue. In any event, Plaintiff has fully briefed the issue now.

On the merits of his motion for reconsideration, Plaintiff argues that "the case law is clear that preemption does not apply to Plaintiff's state law claims," and requests that the Court "amend and/or alter its order . . . to find no preemption." (*Patterson II*, ECF No. 29, PageID #353–54.) Additionally, Plaintiff "requests leave to amend [his] complaints to assert class claims" based on new evidence he procured after the Sixth Circuit's decision on appeal in *Patterson I*. (*Id.*, PageID #365–66.)

3

**LEGAL STANDARD**

A court may alter or amend the judgment to prevent manifest injustice or where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

**ANALYSIS**

In his motion, Plaintiff makes two arguments. The Court considers each in turn.

**I. Preemption of State-Law Misrepresentation Claims**

Plaintiff contends that the Court made a clear error of law because the Employee Retirement Income Security Act of 1974 does not preempt State-law misrepresentation claims like his. (*Patterson II*, ECF No. 29, PageID #356.) He argues that this issue "was not briefed by Plaintiff." (*Id.*, PageID #352.) Not so. Plaintiff had an opportunity to brief this argument in his motion to remand—and he did so. Indeed, the only legal argument he made in his motion to remand was that his "State law claims are not subject to complete preemption by 29 U.S.C. § 1132(a) of ERISA." (*Id.*, ECF No. 9, PageID #234.) This argument directly responds to the

4

question that ultimately led to dismissal of *Patterson II*: whether Plaintiff's State-law claims are subject to complete ERISA preemption.

Ordinarily, resolving that question would not immediately result in dismissal. As Plaintiff acknowledges, however, this case "presents a particularly unique situation." (*Id.*, ECF No. 29, PageID #356.) Because the federal ERISA claims that would have resulted from recasting the State-law claims as federal claims arising under ERISA are already before the Court in *Patterson I*, an opportunity to amend those claims in *Patterson II* is unnecessary and would result in a lawsuit wholly duplicative of the claims already pending in *Patterson I*. Accordingly, in this procedural posture, complete preemption under ERISA results in dismissal of *Patterson II*, functionally consolidating this dispute in *Patterson I*.

But for the existence of *Patterson I*, proceeding with the same ERISA claims that result from recasting the State-law claims asserted in *Patterson II* under federal law, the Court would not have dismissed *Patterson II*. But there is no point in having two lawsuits pending that involve the same claims against the same parties. And Plaintiff points to no good reason for such a result.

Plaintiff appears to understand as much. He presents a single argument for reconsideration: again, that ERISA does not completely preempt his State-law misrepresentation claim. In support, Plaintiff marshals additional cases involving ERISA plans. As an initial matter, the Court notes that Plaintiff does not identify any controlling case from the Sixth Circuit or a decision from any court within the Circuit that is directly on point. Nor does he cite any cases decided after the original

5

briefing on this issue in his motion to remand. In short, he points to no intervening change in the law and no case on which he could not previously have relied in the exercise of reasonable diligence.

And the cases that Plaintiff does cite do not provide the support he needs. For example, Plaintiff characterizes *Nill v. Essex Group, Inc.*, 844 F. Supp. 1313 (N.D. Ind. 1994), as "factually almost identical to the present matter." (*See id.*, PageID #360.) Notably, *Nill* was decided before *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Therefore, it does not apply *Aetna Health*'s two-prong test for complete preemption under ERISA. Much of the case law Plaintiff relies on suffers from the same defect. Plaintiff does not address this problem or offer any way to reconcile the pre-*Aetna Health* cases on which he relies and the prevailing view of complete preemption based on *Aetna Health*.

Further, *Nill* involved a malicious prosecution claim arising out of an earlier lawsuit by the defendant against the plaintiff alleging that the plaintiff failed to disclose a mistake in a trust agreement that led to its reformation. The *Nill* Court held "that the state claim of malicious prosecution does not fall within the scope of ERISA's civil enforcement provisions[—t]hat is, the malicious prosecution claim cannot be recharacterized as a federal claim asserting breach of fiduciary duty under ERISA"—and denied removal on that basis. 844 F. Supp. at 1319. Here, Plaintiff's State-law claims *are* capable of recharacterization as federal claims asserting breach of fiduciary duty under ERISA: the same federal claims which recently survived a motion to dismiss in *Patterson I*. Moreover, the only issue involving ERISA in *Nills*—

6

whether ERISA applied to the trust agreement—had already been decided in the earlier State court proceedings. *Id.* at 1315, 1319. Here, the question whether Defendants breached their duties under ERISA remains the subject of ongoing federal litigation in *Patterson I*.

As another example, Plaintiff relies on *Smith v. Texas Children's Hospital*, 84 F.3d 152 (5th Cir. 1996), where an employer persuaded the plaintiff to transfer her employment by promising certain employment benefits (among other things), then later terminated the benefits in contravention of that promise. As the Court previously explained, however, *Patterson II* is not a case in which "the ERISA plan [is] simply one piece of negotiations over a separate, independent contract." (*Patterson II*, ECF No. 27, PageID #348.) Rather, the gravamen of this case is Defendants' alleged communication and administration in their capacity as ERISA fiduciaries. There is no separate contract involved.

Finally, Plaintiff describes *Erlandson v. Liberty Life Assurance Co. of Boston*, 320 F. Supp. 2d 501 (N.D. Tex. 2004), as "more akin" to the present case "than any case finding a state law tort claim preempted." (*Patterson II*, ECF No. 29, PageID #364.) There, the plaintiff asserted claims for assault, invasion of privacy, and intentional infliction of emotional distress. 320 F. Supp. 2d at 505. She alleged that the administrator of her claim for disability benefits hired private investigators to surveil her "in an aggressive and threatening manner," causing her to "fear for her life." *Id.* at 504–05. Those facts state classic State-law claims, and their resolution in no way bears on interpretation of ERISA or any plan documents. Somehow,

Plaintiff attempts to frame the facts of *Erlandson* as "comparable" to this case because "alleged tortious conduct occurred during the investigation and resolution of Plaintiff's claim." (*Patterson II*, ECF No. 29, PageID #365.) But the resolution of the claims Plaintiff brings here turns on the plan and plan documents, triggering preemption—not independently actionable conduct as in *Erlandson*.

Similarly, none of the other cases on which Plaintiff relies are reasonably analogous or persuasive. All were available when Plaintiff filed his original brief on this issue. From them, Plaintiff distinguishes a misrepresentation about "whether a certain document existed" from a misrepresentation about "whether subrogation exists" and argues that his claim is about the former, not the latter. (*Patterson II*, ECF No. 29, PageID #356–57.) This characterization does not accurately or fairly describe the allegations of the complaint. (*See, e.g., id.*, ECF No. 1-1, ¶¶ 32, 62, 65 & 68, PageID #17 & #22–23.)

Setting that problem to the side, this distinction does not withstand even cursory scrutiny on the facts alleged. Even under Plaintiff's theory and taking the facts alleged as true in the present procedural posture, any liability on the part of Defendants arises *not* from an alleged misrepresentation but from what the (allegedly withheld) plan itself—as opposed to the summary plan description—provides regarding subrogation and reimbursement. Either way, the inquiry will require examination of the plan, the summary plan description, or both as well as ERISA. Moreover, to the extent Plaintiff's claim truly turns on the withholding of the

8

document itself, or misrepresentations about its existence in State-court litigation, his remedy is to seek discovery sanctions or other remedies there.

For all these reasons, the Court sees no clear error of law regarding complete preemption of Plaintiff's State-law misrepresentation claims under ERISA.

**II    Amendment**

At various points in his motion, Plaintiff makes two related but different requests regarding amendment of his complaints.  First, Plaintiff "requests that, to the extent that [the order dismissing and denying remand of *Patterson II*] also includes a denial of leave to amend, this Court reconsider that denial." (*Patterson II*, ECF No. 29, PageID #366.)    Second, Plaintiff "requests leave to amend [his] complaints." (*Id.*, PageID #365.)

As to the first request, the Court clarifies that its order dismissing and denying remand of *Patterson II* did not include a denial of leave to amend.  The Court does not consider the merits of Plaintiff's second request because it is not procedurally proper. Plaintiff has not separately moved for leave to amend or proffered a proposed amended complaint.  "Without viewing the proposed amendment," it is "impossible for [a] district court to determine whether leave to amend should [be] granted." *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003); *see also Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000).

In the normal course, following a status conference and in consultation with the parties in *Patterson I*, the Court will set a deadline for amendments to the pleadings (among other deadlines) in a case management order.  On or before that

9

deadline, the Court will consider a properly presented motion for leave to amend under the liberal standard of Rule 15.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motions to amend or alter a judgment under Rule 59(e) in each of the captioned cases (Case No. 1:21-cv-470, ECF No. 55; Case No. 1:23-cv-378, ECF No. 29).

**SO ORDERED.**

Dated: February 12, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio